IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| CARLA M. HARRIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 4:14-cv-00920-NKL ) |
| CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security, | ) ) ) |
| Defendant. | ) ) |

**ORDER**

Plaintiff Carla Harris appeals the Social Security Commissioner's denial of disability benefits and supplemental security income under Title II and Title XVI of the Social Security Act. For the reasons set forth below, the Court reverses the Commissioner's decision and remands the case for further consideration.

**I. Background**

Harris was born in March 1962 and has a high school education. Harris alleges a disability onset date of April 30, 2011, from the combined effects of degenerative joint disease, seizure disorder, obesity, and asthma. [Doc. 13]. Harris has past work experience as a school bus monitor, cafeteria worker, day care worker, and security guard. Harris worked as a school bus monitor until 2009, when she left to take care of her son who was sick. [Tr. 35]. She did not return to this job because she "didn't want to go through [the] . . . union." [Tr. 36]. After her alleged onset date, she worked part time as a stadium security guard until August 2012, although this work was not substantial gainful activity. [Tr. 34-35].

**A.     Harris' Medical History**

Harris has a history of seizures, asthma, depression, lupus symptoms, headaches, nausea, body aches, and knee and back pain. However, because Harris' appeal relates only to the ALJ's findings related to her use of a walking cane, the Court will focus its review on those medical records relevant to that issue. Harris has a history of lupus symptoms, among which include generalized joint aches and pains which are greatest in her knees. Harris also complains of back and leg pain. In December 2011, x-rays revealed mild degenerative joint disease in the left knee and mild degenerative changes in the lower lumbar spine. [Tr. 288-89]. Harris testified that because of the pain associated with her medical conditions, she uses a cane at all times. [Tr. 36]. She testified that the cane was prescribed to her by Dr. James Stanford to help her with walking and rising from a seated position. [Tr. 36-37]. Harris' cane is listed under a list of prescriptions in an August 17, 2012, medical record completed by Dr. Stanford. [Tr. 419-20]. The walking cane was further listed on the list of prescriptions during physician visits on August 24, 2012, September 12, 2012, and February 14, 2013. [Tr. 374, 399, 433].

After Harris' hearing, but before the ALJ issued his decision, Harris was examined by state agency consultative physician, Dr. Alan Heincker. [Tr. 347-59]. Dr. Heincker observed that Harris had never seen an orthopedist for her knee pain and did not have any radiographs, injections, or physical therapy for her back. [Tr. 347]. Upon examination of her lower extremities, Dr. Heincker observed mild loss of motion in the bilateral knees and mild crepitus of the right knee. [Tr. 349]. All other findings were unremarkable. Dr. Heincker observed that she had a slightly slowed gait with a cane in her right hand and could ambulate close to her normal gait with a "very mild antalgic gait favoring the right side" without the cane. [Tr. 349]. She displayed mild difficulty with heel and toe walk and moderate difficulty squatting. *Id.* Harris displayed no difficulty standing from a seated position or getting on and off the examination

table. [Tr. 350]. Dr. Heincker opined that Harris could stand or walk 4-6 hours in a typical workday with normal breaks and occasional alternation between sitting and standing. *Id.* Dr. Heincker checked "yes" to a box asking whether Harris requires the use of a cane to ambulate, but then stated that the cane was not medically necessary and that Harris could ambulate up to two blocks without her cane. [Tr. 355].

## B. The ALJ's Decision

The administrative law judge (ALJ) concluded that Harris had the residual functional capacity (RFC) to perform light work but should only occasionally stoop, balance, climb, kneel, crouch, or crawl, should have no concentrated exposure to temperature extremes, vibrations, or workplace hazards, and should encounter no more than moderate exposure to pulmonary irritants. [Tr. 17]. Harris is limited to simple unskilled work. [Tr. 17]. The ALJ enlisted the expertise of a vocational expert (VE) who testified that a person with the same age, education, experience, and RFC as Harris could perform Harris' past work as a school bus monitor or could perform other work as a collator operator, price marker, and routing clerk. [Tr. 23, 49-50].

In making his conclusion, the ALJ extensively summarized the observations and conclusions of Dr. Heincker and stated that the RFC is consistent with Dr. Heincker's observations and conclusions. [Tr. 18-22]. The ALJ also responded to Harris' objection to Dr. Heincker's conclusions regarding her need for a cane. The ALJ stated,

> Apparently, there are medical opinions that the undersigned cannot find and the claimant's representative cannot cite that she was prescribed a cane and needs a cane to walk. . . . None of the medical records reference findings that might lead to a conclusion that she needs a cane to walk. There is no medical opinion from a Dr. April that she requires a cane to walk.

[Tr. 20]. The ALJ conducted a credibility determination, summarized records that revealed "mild degenerative changes," and noted that Dr. Heincker observed that Harris' complaints of

3

lumbar pain were exaggerated.  The ALJ then stated, "As her representative noted, if she needs to use a cane to walk, her residual functional capacity would be different.  Dr. Heincker does not believe she needs to use a cane.  All of the medical reports note that she walked without assistance or her gait was generally unremarkable." [Tr. 21-22].  Based on the VE's testimony that Harris could perform her past work or other work existing in significant numbers in the national economy, the ALJ concluded that Harris was not disabled.  [Tr. 23].

## II. Discussion

Harris argues that the Commissioner's decision is not supported by substantial evidence in the record because the ALJ mistakenly determined that Harris did not have a prescription for a cane and that the error was not harmless by the ALJ's own admission.  Harris contends that had the ALJ properly considered her prescription for a cane, her RFC would have been different, and therefore the VE's testimony based upon that RFC cannot constitute substantial evidence.

The medical records show four instances where Harris visited a physician and a "walking cane" appeared under the list of prescriptions in the report.  The cane first appeared on the list of prescriptions on August 17, 2012 during a visit with Dr. Stanford and was further listed on the list of prescriptions during physician visits on August 24, 2012, September 12, 2012, and February 14, 2013.  [Tr. 374, 399, 419-20, 433].  This evidence is in direct contrast to the ALJ's statement that "[n]one of the medical records reference findings that might lead to a conclusion that she needs a cane to walk."  [Tr. 20].

The Commissioner argues that remand is not necessary because the ALJ appropriately weighed Dr. Heincker's opinion, because there are no objective findings in the records to support the prescriptions, because the objective findings are relatively normal, and because Harris' use of a cane is inconsistent with her work activity as a security guard.  However, because the ALJ did

4

not see the records from three different physicians related to a cane prescription, the Court cannot speculate how the ALJ's decision would be different regarding Harris' need for a cane or how the ALJ would have weighed those records. For example, some of the records regarding a cane prescription are from physicians who treated Harris on more than one occasion, and so if the ALJ adopts Dr. Heincker's opinion that a cane is not medically necessary, the ALJ will need to explain on remand why Dr. Heincker's findings are due more weight than the records of physicians who have seen Harris multiple times. Most importantly, however, statements within the ALJ's own decision demonstrate the necessity of remand. The ALJ specifically stated that "if she needs a cane to walk, her [RFC] would be different." [Tr. 21-22]. The ALJ based his conclusion that Harris did not need a cane to walk in part on the fact that he could find no medical records to support a need for a cane. This Court cannot determine what impact the evidence of a prescription for the cane would have on the ALJ's RFC determination and cannot speculate whether or why the ALJ would reject that evidence. *See Jones v. Chater*, 65 F.3d 102, 104 (8th Cir. 1995) (concluding that where the ALJ failed to discuss "the provocative medical diagnoses suggesting an impairment" and failed to discuss potentially corroborating evidence from relatives, the court could not determine whether any such rejection of that evidence was based on substantial evidence because a court "cannot speculate whether or why an ALJ rejected certain evidence"). Therefore, remand is necessary so the ALJ may consider the evidence that Harris was prescribed a cane and, if necessary, provide reasons for why that evidence is rejected. It is clear the ALJ overlooked the evidence of a prescription for a cane, and the evidence that Harris was prescribed a cane conflicts with Dr. Heincker's opinion and the ALJ's determination that the cane was not necessary. Because the ALJ left this conflict of evidence unresolved – and appears to not have known the evidence existed – remand is necessary. *See Draper v. Barnhart*,

425 F.3d 1127, 1130 (8th Cir. 2005) ("While a deficiency in opinion-writing is not a sufficient reason to set aside the ALJ's finding where the deficiency has no practical effect on the outcome of the case, inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand.").

On remand, the ALJ shall specifically discuss the evidence that Harris was prescribed a cane, and if the ALJ chooses to reject such evidence, the ALJ shall provide reasons for doing so. The ALJ shall resolve the conflicting evidence regarding whether a cane is medically necessary, and if necessary, contact one of the physicians who prescribed the cane for an opinion on Harris' medical need and ability to ambulate without it. If this evidence does change the ALJ's RFC, then the VE's testimony cannot constitute substantial evidence. *See Bradley v. Bowen*, 800 F.2d 760, 763 n. 2 (8th Cir. 1986).

### III.   Conclusion

For the reasons set forth above, the Commissioner's decision is reversed, and the case is remanded for further consideration consistent with this Order.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated:  June 23, 2015
Jefferson City, Missouri

6